Argued December 24, 1913, decided January 20, rehearing denied February 17, 1914.

## DESSINGER *v.* GEVURTZ.

(138 Pac. 210.)

**Mechanic's Lien—Tender—Effect.**

In a suit to foreclose a mechanic's lien, where defendants plead a tender and state that they are ready, able and willing to pay the amount reasonably due, and offer judgment in a given sum, one of the defendants cannot assert that he was not liable on the ground that he was only an agent of the other.

[As to when person signing a writing cannot show he signed as agent only, see note in 2 Am. Rep. 332.]

From Washington: JAMES U. CAMPBELL, Judge.

Department 2.   Statement by MR. JUSTICE BEAN.

This is a suit by W. F. Dessinger against Phillip Gevurtz and Grace Lancaster to foreclose a mechanic's lien. Defendants appeal from a decree in favor of plaintiff.

The plaintiff entered into a contract to construct a five-room, story and a half, frame dwelling-house, on a certain lot owned by Grace Lancaster, for $1,250. The contract was made with Phillip Gevurtz as the agent of Grace Lancaster, with whom he was inter-

ested in the building. During the erection of the dwelling, by agreement several changes and additions were made in the plans and specifications. This necessitated additional expense, for which plaintiff charged the defendants $351.90. They paid $1,000, leaving a balance of $601.90 claimed by plaintiff. The defendants allege and claim that the house was not constructed according to agreement, to their injury in the sum of $200. They plead a tender to plaintiff of $501.25 and offer judgment against Gevurtz for $401.90. The trial court allowed the plaintiff $550, and $75 attorney's fees.        AFFIRMED.

For appellants there was a brief over the names of *Mr. Samuel C. May* and *Messrs. Beach, Simon & Nelson,* with an oral argument by *Mr. May.*

For respondent there was a brief over the name of *Messrs. Allen & Roberts,* with an oral argument by *Mr. A. C. Allen.*

MR. JUSTICE BEAN delivered the opinion of the court.

The main argument in favor of defendants is that Gevurtz is not liable, as he was only an agent. This question is disposed of by the defendants' answer, in which is pleaded a tender, and which states that they are ready, able and willing to pay the amount reasonably due; therefore Gevurtz admits his liability.

Plaintiff was an original contractor and filed his claim of lien within 60 days after the completion of the contract, as provided by Section 7420, L. O. L. The only question for determination is as to the fulfillment of the contract as modified. Conforming to the changes in the contract, the plaintiff built the house with a full basement instead of a half, put up plate rails, tinted the rooms, constructed a dormer, built a

69 Or.—20

back porch, finished the second half story and built stairs thereto, and made several minor changes as suggested by the defendants. A careful examination of the evidence leads us to believe that the amount allowed by the trial court after a thorough hearing, being $300 in addition to the contract price, was reasonable and fair.

The decree of the lower court is therefore affirmed.

Affirmed.

Mr. Justice Eakin and Mr. Justice McNary concur. Mr. Chief Justice McBride not sitting.